UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:26-cv-01305-CAS-SSCx | Date | April 13, 2026 |
|---|---|---|---|
| Title | Roger Plouffe et al v. Mercedes-Benz USA LLC et al | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Robin Herrera | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Joseph Steward | Mehgan Gallagher |

**Proceedings:**   ZOOM HEARING RE: PLAINTIFFS' MOTION TO REMAND TO LOS ANGELES COUNTY SUPERIOR COURT (Dkt. 13, filed March 11, 2026)

## I.   INTRODUCTION

On January 6, 2026, plaintiffs Roger Plouffe and Louise Marie Plouffe (collectively, "plaintiffs") filed this action in Los Angeles County Superior Court against defendants Mercedes-Benz, LLC ("MBUSA") and Does 1 through 20, (collectively, "defendants") alleging three claims for: (1) failure to comply with obligation to repair or pay restitution for a defective vehicle, in violation the Song-Beverly Consumer Warranty Act (the "Song-Beverly Act"), California Civil Code §§ 1790 et seq.; (2) failure to commence service or repairs with the period specified by the Song-Beverly Act; (3) failure to supply replacement parts during the express warranty period, in violation of the Song-Beverly Act; (1) breach of express warranty in violation of the Song-Beverly Consumer Warranty Act California Civil Code §§ 1790 et seq. (the "Song-Beverly Act"); (2) breach of implied warranty in violation of the Song-Beverly Act; and (3) failure to commence service or repairs with the period specified by section 1793.2(b) of the Song-Beverly Act.  See generally dkt. 1-1 ("Compl.").  Plaintiffs' claims arise from the sale of an allegedly defective 2024 Mercedes-Benz GLE350 4MATIC (the "subject vehicle).  Id. ¶¶ 6, 9.

On February 9, 2026, MBUSA removed the action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Dkt. 1.

On March 11, 2026, plaintiffs filed the instant motion to remand this action to state court.  Dkt. 13 ("Mot.").  On March 23, 2026, MBUSA filed an opposition.  Dkt. 15

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                   **'O'**

| Case No. | 2:26-cv-01305-CAS-SSCx | Date | April 13, 2026 |
|----------|------------------------|------|----------------|
| Title | Roger Plouffe et al v. Mercedes-Benz USA LLC et al | | |

("Opp."). MBUSA also filed a Request for Judicial Notice in support of its opposition. Dkt. 16 ("RJN").[1] Plaintiffs did not file a reply.

On April 13, 2206, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.     BACKGROUND

The following facts are alleged in the complaint:

At all relevant times, MBUSA was engaged in the manufacture, sale, distribution, and/or importing of Mercedes-Benz motor vehicles and related equipment. Compl. ¶ 1. On February 26, 2024, plaintiffs purchased the subject vehicle. Id. ¶ 6. In connection with the purchase, plaintiffs received express and implied warranties from defendants, including but not limited to warranties that the subject vehicle would pass without objection in the trade under the contract description, that the subject vehicle would be fit for the ordinary purposes for which it was intended, that the subject vehicle would conform to the promises and affirmations of fact made, and that defendants would perform any repairs, alignments, adjustments, and/or replacements of any parts necessary to ensure that the subject vehicle was free from any defects in material and workmanship. Id. ¶ 7. The warranties included a four-year or 50,000-mile basic warranty and a four-year or 50,000-mile powertrain warranty. Id. ¶ 8.

The subject vehicle was delivered to plaintiffs with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to

---

[1] The RJN requests that the Court take judicial notice of various court records, including one judgment in a Los Angeles County Superior Court case, fifteen orders on motions for attorneys' fees in federal and state court cases, and a motion for attorneys' fees in a Los Angeles County Superior Court case. Id. The Court may take judicial notice of a fact "that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Federal courts can "take notice of proceedings in other courts, both within and [outside of] the federal judicial system, if those proceedings have a direct relation to the matters at issue." San Luis v. Badgley, 136 F. Supp. 2d 1136, 1146 (E.D. Cal. 2000) (quoting U.S. ex rel Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992)). Furthermore, plaintiffs have not opposed MBUSA's RJN. Accordingly, the Court grants MBUSA's unopposed RJN.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                          **'O'**

| Case No. | 2:26-cv-01305-CAS-SSCx | Date | April 13, 2026 |
| --- | --- | --- | --- |
| Title | Roger Plouffe et al v. Mercedes-Benz USA LLC et al | | |

warranty, including but not limited to defects relating to the Electrical and the Restraints and Safety Systems. Id. ¶ 9.

The subject vehicle was a "new motor vehicle" under the Song-Beverly Act. Id. ¶ 12. Plaintiffs are "buyers" of consumer goods under all applicable California laws, including the Song-Beverly Act. Id. ¶ 13. MBUSA is a "manufacturer" and/or "distributor" under the Song-Beverly Act. Id. ¶ 14.

Plaintiffs duly performed all the conditions on their part under the contract and under the express and implied warranties, except insofar as the acts and/or omissions of the defendants prevented and/or excused such performance. Id. ¶ 15. Plaintiffs delivered the subject vehicle to the defendants' authorized service and repair facilities, agents, and/or dealers, on numerous occasions resulting in the subject vehicle being out of service by reason of repair of nonconformities. Id. ¶ 16. Defendants are in possession of records, repair orders, and invoices of plaintiffs' presentations of the subject vehicle for repair. Id. Each time plaintiffs delivered the subject vehicle to defendants' authorized service and repair facility, plaintiffs notified defendants of the defects, malfunctions, misadjustments, and/or nonconformities existent with the subject vehicle and demanded that defendants or its representatives repair, adjust, and/or replace any necessary parts to conform the subject vehicle to the applicable warranties. Id. ¶ 17. And each time, defendants represented to plaintiffs that they could and would conform the subject vehicle to the applicable warranties, that in fact, they did conform the subject vehicle to said warranties, and that all the defects, malfunctions, misadjustments, and/or nonconformities had been repaired. Id. ¶ 18. However, plaintiffs allege that defendants or its representatives failed to conform the subject vehicle to the applicable warranties because said defects, malfunctions, misadjustments, and/or nonconformities continue to exist even after a reasonable number of attempts to repair was made. Id.

Plaintiffs discovered defendants' alleged wrongful conduct shortly before the filing of the complaint, as the subject vehicle continued to exhibit symptoms of defects following defendants' unsuccessful attempts to repair them. Id. ¶ 22. On November 3, 2025, plaintiffs served, via Certified Mail, a prelitigation demand letter to MBUSA, and MBUSA failed to provide restitution pursuant to the Song-Beverly Act. Id. ¶ 23.

## III.   LEGAL STANDARD

A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:26-cv-01305-CAS-SSCx | Date | April 13, 2026 |
|---|---|---|---|
| Title | Roger Plouffe et al v. Mercedes-Benz USA LLC et al | | |

procedure.  See 28 U.S.C. § 1447(c).  The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal.  See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  The party seeking removal bears the burden of establishing federal jurisdiction.  See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

Removal is proper where the federal courts have original jurisdiction over an action brought in state court.  28 U.S.C. § 1441(a).  Pursuant to 28 U.S.C. § 1332(a), federal courts have original jurisdiction over state law actions where (1) the amount in controversy exceeds $75,000, and (2) the action is between parties of diverse citizenship.

When a complaint filed in state court alleges on its face "damages in excess of the required jurisdictional minimum," the amount pled controls unless it appears "to a legal certainty" that the claim is for less than the jurisdictional amount.  Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 402-404 (9th Cir. 1996).  Conversely, "[w]here it is "unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold."  Fritsch v. Swift Transportation Co. of Arizona, LLC, 899 F.3d 785, 793 (9th Cir. 2018).  This sum is determined as of the date of removal.  Meritcare, Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217–18 (3rd Cir. 1999).

"[T]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [the] defendant's liability."  Lewis v. Verizon Commc'ns, Inc., 627 F.3d 395, 400 (9th Cir. 2010).  Accordingly, "in assessing the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'"  Campbell v. Vitran Express, Inc., 471 Fed.Appx. 646, 648 (9th Cir. 2012) (quoting Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002)).

The removing party need only include a "short and plain statement" setting forth "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  Dart Cherokee Basin Operating Co. v. Owens, 135 S.Ct. 547, 554 (2014).  Where the plaintiff contests the removing defendant's allegations, however, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied."  Id. at 550

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                              **'O'**

| Case No. | 2:26-cv-01305-CAS-SSCx | Date | April 13, 2026 |
|----------|------------------------|------|----------------|
| Title | Roger Plouffe et al v. Mercedes-Benz USA LLC et al | | |

## IV.   DISCUSSION

In MBUSA's notice of removal, MBUSA avers that there is diversity of citizenship because plaintiffs are citizens of the State of California, and MBUSA was and still is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in the State of Georgia, and its sole member, Mercedes-Benz North America Corporation, is a corporation organized under the laws of the State of Delaware with its principal place of business in Michigan. Dkt. 1 at 2-3. MBUSA argues that the amount in controversy exceeds $75,000 because plaintiffs are seeking replacement or restitution, including the entire price paid or payable for the subject vehicle, and the amount paid for the subject vehicle under the sales contract was $99,561.92. Id. at 3 (citing Dkt. 1, Ex. B (the "sales contract")). Moreover, MBUSA argues that plaintiffs are seeking a civil penalty in an amount not to exceed two times the amount of actual damages and an award of attorneys' fees pursuant to the Song-Beverly Act. Id. at 3-4. Accordingly, plaintiffs' estimate an amount in controversy, excluding attorneys' fees, to be approximately $298,685.76. Id.

Plaintiffs move to remand this action to Los Angeles County Superior Court, arguing that the Court lacks diversity jurisdiction pursuant to 28 U.S.C. § 1332 because MBUSA has not carried its burden to demonstrate that the amount in controversy requirement is satisfied.[2] Mot. at 2. The Court disagrees.

Plaintiffs argue that the complaint does not allege a specific dollar amount and instead only references damages generally. Mot. at 7. Plaintiffs argue that MBUSA relies on the sales contract price of $99,561.92 and an assumption of a civil penalty of two times this price to account for an amount in controversy of $298,685.76. Id. Plaintiffs argue that this amount is uncertain and speculative because MBUSA does not provide any evidentiary support establishing that willful conduct justifying such a penalty is present here. Id. Plaintiffs argue that MBUSA's allegation regarding the amount in controversy cannot be accepted and must be questioned by the Court. Id. at 8. Plaintiffs argue that MBUSA ignores the Song-Beverly Act's mandatory reductions to the purchase price for an award of restitution, including based on nonmanufacturer items installed by the dealer and a mileage offset for plaintiffs' use of the vehicle prior to first delivering the vehicle for repair of the problems at issue in the case. Id. at 9. Furthermore, plaintiffs

---

[2] Plaintiffs do not dispute that there is diversity of citizenship. See generally, Mot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:26-cv-01305-CAS-SSCx | Date | April 13, 2026 |
|---|---|---|---|
| Title | Roger Plouffe et al v. Mercedes-Benz USA LLC et al | | |

argue that MBUSA does not provide competent evidence of the likely attorneys' fees in this case. Id. at 8.

In opposition, MBUSA argues that the Song-Beverly Act's civil penalty of up to two times the amount of actual damages is properly included in the amount in controversy because plaintiffs allege that MBUSA's violation was willful, expressly seek "a civil penalty in the amount of two times Plaintiffs' actual damages," Compl. at 11, and plaintiffs have not waived recovery beyond $75,000. Opp. at 4-5, 7. MBUSA acknowledges that a mileage offset potentially reduces the amount of damages, but MBUSA argues that, based on its files, plaintiffs' first warrantable concern occurred at 16,698 miles, so the mileage offset in the case would be worth approximately nine-thousand dollars. Id. at 8. MBUSA argues that plaintiffs' claim for breach of implied warranty does not allow for a mileage offset, so MBUSA's estimated amount in controversy of $298,685.76 would only be reduced by approximately eighteen thousand dollars by the mileage offset. Id. MBUSA argues that attorneys' fee awards in Song-Beverly actions are often substantial, and several courts throughout California have awarded plaintiffs' counsel in excess of $100,000.00 for similar Song-Beverly warranty cases at hourly rates of $400-675/hr. for plaintiffs' counsel. Id. at 9 (citing exhibits in RJN). MBUSA estimates that plaintiffs' counsel in this case will seek rates of up to $675/hr. for at least fifty hours of litigating this matter, pushing attorneys' fees sought to approximately $20,000. Id.

### 1. Legal Certainty Test

Plaintiffs do not allege a specific amount in controversy or even allege a specific purchase price in the complaint. See generally, Compl. The only reference to a dollar figure is the following:

> The amount in controversy exceeds THIRTY-FIVE THOUSAND DOLLARS ($35,000.00), exclusive of costs, for which Plaintiffs seek judgment against Defendants, together with equitable relief. In addition. Plaintiffs seek damages from Defendants, and each of them, for incidental, consequential, exemplary, and actual damages including interest, costs, and actual attorneys' fees.

Compl. ¶ 19. The prayer for relief does not repeat this figure but asks for, among other things, "general, special and actual damages according to proof at trial; . . . rescission of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:26-cv-01305-CAS-SSCx | Date | April 13, 2026 |
|----------|------------------------|------|----------------|
| Title    | Roger Plouffe et al v. Mercedes-Benz USA LLC et al | | |

the contract and restitution of all monies expended; . . . incidental and consequential damages according to proof at trial; . . . [a] civil penalty in the amount of two times Plaintiffs' actual damages; . . . [and] reasonable attorneys' fees." Id. at 11.

As an initial matter, the Ninth Circuit has held that where, as here, a damage estimate is articulated in the body of the complaint and "not repeated in the Prayer for Relief […] the complaint fails to allege a sufficiently specific total amount in controversy" for the "legal certainty' test to be applied. Guglielmino v. McKee Foods Corp., 506 F.3d 696, 701 (9th Cir. 2007); see also Bourland v. Ford Motor Co., No. 5:19-CV-08456-EJD, 2020 WL 5797915, at *3 (N.D. Cal. Sept. 29, 2020) (applying Guglielmino in Song-Beverly action). Likewise, numerous district courts have found that an allegation in a state court complaint seeking damages "not less than $25,001," without more, is too speculative and ambiguous to support a finding that the amount in controversy requirement is satisfied based on the presence of a civil penalty provision.[3] See e.g. Limon-Gonzalez v. Kia Motors Am., Inc., No. CV 20-4381 PA (JPRX), 2020 WL 3790838, at *3 (C.D. Cal. July 7, 2020) (collecting cases); Mullin v. FCA US, LLC, No. CV 20-2061-RSWL-PJW, 2020 WL 2509081, at *3 (C.D. Cal. May 14, 2020) ("the Court finds that the allegations in plaintiff's complaint do not make clear whether he is seeking more than $25,001 in actual damages or total damages.).

On the other hand, in Bernstein v. BMW of N. Am., LLC, a Northern District of California court found an allegation that "the amount in controversy exceeds twenty five thousand dollars ($25,000), *exclusive* of interests and costs" and "*[i]n addition*, [seeks] incidental, consequential, exemplary, and actual damages" placed at least $75,000 in controversy. No. 18-1801 JSC, 2018 WL 2210683 at *2 (N.D. Cal. May 15, 2018) (emphasis in original). As several district courts have explained, the language of the allegations in Bernstein, where plaintiff explicitly sought exemplary damages (i.e. the two times civil penalty) "in addition" to its alleged $25,000 in damages, is distinguishable from circumstances where plaintiff alleges only that she has suffered damages "in a sum to be proven at trial in an amount that is not less than $25,001," and the prayer for relief makes "no mention […] of a total dollar amount in controversy." See e.g. Feichtmann v. FCA US LLC, No. 5:20-CV-01790-EJD, 2020 WL 3277479, at *2

---

[3] Notably, to qualify as an "unlimited civil case" in California state court, the amount in controversy, exclusive of attorneys' fees, interest, and costs, must exceed $35,000. See Cal. Civ. Proc. Code § 85. Effective January 1, 2024, this threshold amount was raised from $25,000. See S.B. 71, 2023-2024 Reg. Sess. (Cal. 2023).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                         **'O'**

| Case No. | 2:26-cv-01305-CAS-SSCx | Date | April 13, 2026 |
|---|---|---|---|
| Title | Roger Plouffe et al v. Mercedes-Benz USA LLC et al | | |

(N.D. Cal. June 18, 2020) (distinguishing the Bernstein request for "exemplary damages in addition to the $25,000" from a request for "not less than $25,001" because "although there are various items listed in the prayer for relief […] it is unclear which of those items are subsumed within the $25,001.00 figure."); Limon-Gonzalez v. Kia Motors Am., Inc., No. CV 20-4381 PA (JPRX), 2020 WL 3790838, at *4 (C.D. Cal. July 7, 2020) (finding Bernstein distinguishable because it "involved wholly different, less ambiguous complaint language regarding damages" than the request for "not less than $25,001" at issue.).

Here, plaintiffs' allegations, which appear to list "exemplary damages" as "[i]n addition" to the $35,000 figure, are very similar to those in Bernstein. Compl. ¶ 19. However, notwithstanding the use of the phrase "[i]n addition," plaintiffs include "actual damages" in the same list as "exemplary damages." Id. This might suggest that the $35,000 figure includes potential civil penalties. Accordingly, it is not clear from the face of the complaint whether civil penalties are included within or separate from the $35,000 figure alleged in paragraph 19. See Edwards v. Ford Motor Co., 2016 WL 6583585, at *4 (C.D. Cal. Nov. 4, 2016) ("Defendant's assertion that these damages refer only to actual damages [as opposed to total damages] is only an assumption.").

Thus, the Court cannot simply add a civil penalty of two times the $35,000 figure to reach an amount in controversy that exceeds $75,000. Accordingly, because the amount in controversy is unclear from the face of plaintiffs' complaint, the Court must determine whether MBUSA has met their burden to demonstrate by a preponderance of the evidence that the amount in controversy is greater than $75,000. See Fritsch, 899 F.3d at 793.

### 2. Preponderance of the Evidence Test

The Song-Beverly Act, under which plaintiffs' claims arise, permits plaintiffs to recover "damages and other legal and equitable relief." Cal. Civ. Code § 1794(a). The measure of damages includes the sum of (1) restitution, (2) "a civil penalty which shall not exceed two times the amount of actual damages," and (3) "the aggregate amount of costs and expenses, including attorneys' fees based on actual time expended." Cal. Civ. Code § 1794. The amount in controversy includes all amounts "at stake" in the litigation at the time of removal, "whatever the likelihood [plaintiffs] will actually recover them." Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 417 (9th Cir. 2018). The Court finds

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                              **'O'**

| Case No. | 2:26-cv-01305-CAS-SSCx | Date | April 13, 2026 |
|---|---|---|---|
| Title | Roger Plouffe et al v. Mercedes-Benz USA LLC et al | | |

that MBUSA has met its burden to establish, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.

### a. Compensatory Damages Pursuant to Song-Beverly Act

The parties agree that if plaintiffs are successful on their claims, they may be entitled to restitution under the Song-Beverly Act. However, the parties disagree as to the maximum restitution that plaintiffs may be entitled to recover.

The Song-Beverly Act defines restitution as "the actual price paid by the buyer," Cal. Civ. Code § 1793.2(d)(2)(B), including collateral charges such as tax and registration fees. Cal. Civ. Code § 1793.2(d)(2)(C). However, the calculation of restitution excludes "nonmanufacturer items installed by a dealer or the buyer," and is "reduced by an amount attributable to the consumer's use. " Id.

It appears from the sales contract submitted by MBUSA that the total purchase price of the Vehicle was $99,561.92, including a $500 down payment.[4] Dkt. 1-1, Ex. B at 2.  Plaintiffs' financing charges, taxes, and fees are correctly included in the amount in controversy because they are recoverable pursuant to the Song-Beverly Act.  See Mitchell v. Blue Bird Body Co., 80 Cal. App. 4th 32, 34 (2000).

The Court first considers whether any reduction to the $99,561.92 amount is appropriate.  As part of that purchase price, plaintiffs agreed to pay $3,999.00 to Zurich VSC, a thirdparty, for an "Optional Service Contract," and $895.00 to Perma Plate, a third party, for "Optional Surface Protection Product(s)."  Dkt. 1-1, Ex. B at 3.  Id. at 3. Because the Song-Beverly Act excludes restitution for "non-manufacturer items installed by a dealer or buyer," these optional charges must be excluded from the purchase price of the vehicle for purposes of the restitution calculation.  Cal. Civ. Code § 1793.2(d)(2)(B).

The Court must next determine the appropriate reduction of that amount based on plaintiffs' use of the subject vehicle.  See Hernandez v. FCA US, LLC, No. CV 20-1058-RSWL-MAA, 2020 WL 3497399, at *3 (C.D. Cal. June 29, 2020).  Pursuant to the Song-Beverly Act, the reduction in restitution based on plaintiffs' use of a vehicle is calculated as follows:

The amount directly attributable to use by the buyer shall be determined by multiplying the actual price of the new motor vehicle paid or payable by the

---

[4] Plaintiff does not challenge the accuracy of the sales contract.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**               **'O'**

| Case No. | 2:26-cv-01305-CAS-SSCx | Date | April 13, 2026 |
|---|---|---|---|
| Title | Roger Plouffe et al v. Mercedes-Benz USA LLC et al | | |

buyer, including any charges for transportation and manufacturer-installed options, by a fraction having as its denominator 120,000 and having as its numerator the number of miles traveled by the new motor vehicle prior to the time the buyer first delivered the vehicle . . . for correction of the problem that gave rise to the nonconformity.

Id. (referred to as the "mileage offset").

MBUSA has provided evidence that plaintiffs delivered the subject vehicle for correction of warrantable claims after 16,698 miles of use. See Opp. at 8. Plaintiffs did not file a reply to contest the mileage offset estimate provided by MBUSA.

The Court has determined that the "actual price" plaintiffs paid for the subject vehicle is $94,667.92. To determine the reduction for plaintiffs' use, the Court multiplies $94,667.92 by a fraction equal to the 16,698 miles driven by plaintiffs prior to first delivering the subject vehicle to defendants for repair divided by 120,000 (i.e. $94,667.92 x (16,698/120,000)). Accordingly, the net mileage offset for plaintiffs' use of the subject vehicle is $13,173.04.

For purposes of this motion, the Court therefore estimates the amount of restitution available pursuant to the Song-Beverly Act to be $81,494.88.

### b. Civil Penalty

It is well established that punitive damages are part of the amount in controversy in a civil action," where they are recoverable under one or more of the plaintiffs' claims for relief. Gibson v. Chrysler Corp., 261 F.3d 927, 945 (9th Cir. 2001). Pursuant to the Song-Beverly Act, "[i]f the buyer establishes that the failure to comply was willful, the judgment may include . . . a civil penalty which shall not exceed two times the amount of actual damages." Cal. Civ. Code § 1794(c). Courts treat the Song-Beverly Act's civil penalties akin to punitive damages. See e.g. Suman v. Superior Court, 39 Cal. App. 4th 1309, 1317 (1995) ("These subdivision (c) penalties have been likened, by courts, to punitive damages").

Contrary to plaintiffs' contention that MBUSA must proffer "evidence of willful conduct justifying a civil penalty," Mot. at 8, courts estimate the amount in controversy by assuming plaintiffs' allegations are true. See e.g. Campbell v. Vitran Express, Inc., 471 Fed.Appx. 646, 648 (9th Cir. 2012). Here, plaintiffs allege that MBUSA "willfully

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:26-cv-01305-CAS-SSCx | Date | April 13, 2026 |
|---|---|---|---|
| Title | Roger Plouffe et al v. Mercedes-Benz USA LLC et al | | |

failed to comply with its responsibilities under the Song-Beverly Act." Compl. ¶ 64. Accordingly, "[p]laintiffs are entitled in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages." Id. Plaintiffs' prayer for relief expressly seeks a "civil penalty in the amount of two times Plaintiffs' actual damages." Compl. at 11. Because "the amount in controversy reflects the maximum recovery the plaintiff could reasonably recover," the Court may properly include a civil penalty of two-times actual damages. Arias v. Residence Inn by Marriott, 936 F.3d 920, 927 (9th Cir. 2019); see also Park v. Jaguar Land Rover N. Am., LLC, No. 20-CV-00242-BAS-MSB, 2020 WL 3567275, at *4 (S.D. Cal. July 1, 2020) ("Plaintiff's own allegations support the conclusion that the maximum amount of civil penalties is properly included in the amount in controversy determination").

Here, the Court calculated that the amount of actual damages available as restitution is $81,494.88. Pursuant to the Song-Beverly Act, the maximum available civil penalty is twice that amount, or $162,989.76.

The restitution amount alone exceeds the jurisdictional requirement. The sum of the restitution and civil penalty amounts is $244,484.64. Given the inclusion of substantial civil penalties, the Court is persuaded that, regardless of additional potential reductions to the restitution amount that MBUSA may not have accounted for, the amount in controversy likely exceeds $75,000.[5] Accordingly, the Court finds that MBUSA has met its burden to establish by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional threshold, and the Court **DENIES** plaintiffs' motion to remand for lack of subject matter jurisdiction.

## V.    CONCLUSION

In accordance with the foregoing, plaintiffs' motion to remand this action to the Los Angeles County Superior Court is **DENIED**.

IT IS SO ORDERED.

|  | 00 | : | 06 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

---

[5] Because the Court concludes that the jurisdictional amount has been satisfied, it need not consider the parties' dispute as to whether MBUSA has met its burden to demonstrate the amount of attorneys' fees that are potentially recoverable.